# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-961V
Filed: June 7, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JENNIFER RICCI, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Robert Coleman, III, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 2, 2015, Jennifer Ricci ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered a shoulder injury caused in fact by the influenza vaccination she received on October 14, 2014. Petition at 1, ¶¶ 2, 4, 12. On April 28, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer to which petitioner agreed. (ECF No. 23).

On April 13, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 21). Petitioner requested attorneys' fees in the amount of $15,759.00 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $1,486.61 for a total amount of $17,245.61.  *Id.* at ¶ 4.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.*  On April 13, 2016, respondent filed a response to petitioner's motion.  (ECF No. 22).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00" but provides no basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

A review of the billing records revealed a number of billed-for activities had no associated date because the motion was filed before the activities were performed.  Petitioner was allowed time to file an amended motion for attorney's fees and costs.  Order, issued May 5, 2016 (ECF No. 26).  In her amended motion, petitioner seeks an increased amount for attorneys' fees in the amount of **$15,886.50** and the same amount for attorneys' costs of **$1,486.61** for a new total of **$17,373.11**.  By email correspondence with the parties, the OSM staff attorney managing this SPU case confirmed that the parties did not intend to file any additional response or reply to petitioner's amended motion.  Respondent's counsel indicated respondent continued to stand by the arguments set forth in her April 13, 2016 response.

A comparison between the billing records filed with petitioner's April 13, 2016 motion and those filed with the amended motion reveals the increased amount requested for attorneys' fees can be attributed to some additional work performed by petitioner's counsel.  The undersigned will award fees for work unrelated to the amended motion for attorneys' fees and costs, for example - the review of the 240 day order erroneously issued on May 2, 2016.  The undersigned will deduct .6 hours of time (resulting in a deduction of $153.00) for work performed reviewing and responding to the staff attorney's correspondence on April 28, 2016 and reviewing the undersigned's May 5, 2016 order allowing petitioner to file an amended motion to provide an associated date for the previously undated entries if the task had not been performed.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,220.11[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Maximillian Muller.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.